# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>THOMAS K. REDDING,<br><br>    Debtor. | Case No.  06-11607-RGM<br>(Chapter 13) |
| COUNTRYWIDE HOME LOANS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS K. REDDING and<br>CHRISTINE B. SPENCER REDDING,<br><br>    Defendant. | |

## MEMORANDUM OPINION

THIS CASE is before the court on the draft consent order modifying the automatic stay submitted by the parties. It was endorsed by the debtor, trustee and creditor. Notwithstanding the agreement of the parties, the draft order cannot be entered without a hearing because the terms may unnecessarily adversely affect the rights of unsecured creditors.

The draft order permits relief from the automatic stay permitting the creditor to foreclose on the property. It then stays this mandate conditioned upon compliance with certain conditions. Those conditions are an abbreviated form of the court's usual addendum. The court's usual addendum should be substituted for the default provision in the draft order.

In addition, the order should not permit the lender to foreclosure and then stay that mandate. It should simply modify the stay as provided in the order. This is to avoid confusion. This order

1

does not grant the right to foreclose. A second order is always necessary.

The order provides that a default by any other deed of trust on the property results in automatic relief being granted to this creditor. The order also provides that a second notice of default results in a termination of the stay. These matters were discussed *In re Thomas,* 364 B.R. 207 (Bankr. E.D. Va 2007).

The order should also limit the effect of the order to one year after the date of entry of the order. Circumstances change in a chapter 13 plan. Most relief from stay motions are filed early in the case. If a debtor survives the first year, the likelihood of the debtor successfully completing his plan improves. There may well be further unanticipated difficulties in later years of the plan, but because the circumstances are likely to have materially changed, the court is unwilling to extend the modification or beyond a one-year period.

In those cases in which these provisions may be appropriate, the court will consider entering them, but will need a factual record established to support including the provision in the consent order.

DONE at Alexandria, Virginia, this 12th day of July, 2007.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Howard N. Bierman
Gerald M. O'Donnell
Nathan A. Fisher
13643